FIFTH DISTRICT COURT OF BERGEN COUNTY.

PETER KARANDONTES, PLAINTIFF, v. "FRANK" C. FER-
RELL (THE FIRST NAME OF THE DEFENDANT BEING
FICTITIOUS AND UNKNOWN TO PLAINTIFF) AND
JENNIE FERRELL, DEFENDANTS.

For the plaintiff, *Herbert Smith*.

For the defendant, *Jennie Ferrell, pro se.*

LOSCHE, J. This is an action brought in two counts: first,
to recover on a book account and, second, for the value of labor
and materials furnished by the plaintiff at defendant's request.
The plaintiff did not sustain the first count because the shop
book produced did not show certain credits for payments
admittedly made.

Plaintiff is, however, entitled to judgment against the de-
fendant Jennie Ferrell in the second count for the sum
demanded.

As to the other defendant, who did not appear either in
person or by attorney, plaintiff may not recover in either
count. Section 42 of an act concerning District Courts, pro-
vides as follows:

"When the plaintiff is ignorant of the name or part of the
name of a defendant, he may designate such defendant in the
summons and in other process or proceedings in the action by
a fictitious name, or by as much of the name as is known,

*adding a description identifying or tending to identify such defendant,* and the person intended shall be thereupon regarded as a defendant in the action, and as sufficiently described therein, for all purposes, including service of the summons and such summons shall be served in the way and manner as other writs of summons in said court, and when the name or the remainder of the name of the person becomes known an order shall be made by the court upon notice and terms as the court shall prescribe that the proceedings already taken be amended by the insertion of the true name in place of the fictitious name or part of a name and that all subsequent proceedings be taken under the true name. (Italics mine.)

The general practice in the district courts, and, I dare say, in the upper courts, too, has been to designate a defendant whose first name was unknown as he is designated in this cause. However, where the statute is clear, as it is in this instance, no length of custom is sufficient to destroy its mandate if that custom be in derogation of its direction. Therefore, notwithstanding such practice, the real consideration should be : Is such designation, without "adding a description identifying or tending to identify such defendant," sufficient to authorize the entry of a judgment against such person so designated?

There can be no question that the words of the statute require more than a mere statement that the first name of the defendant is fictitious and unknown to the plaintiff. The specific words of the statute cannot be held for naught. The legislature intended that the "description identifying or tending to identify such defendant" should serve the quite obvious purpose of identifying the defendant so that any reasonably intelligent person might know who was intended. No one would seriously contend that the words used in this cause identify or tend to identify the defendant. The same words might with like effect be used concerning anyone.

The wisdom of this provision of the statute becomes more apparent in the case of a common name such as Brown or Jones. A judgment against Brown or Jones, described as

in this cause would, if valid, render every Brown or Jones in the county of Bergen subject to such judgment. Such a result was not intended and will not be countenanced.

Of course, if the defendant appeared generally, the insufficiency of the description would be immaterial because the court is empowered by section 42 to amend the proceedings by adding or supplying the true name. It should be noted in passing that the "description identifying or tending to identify such defendant" must be included in the summons.

I have dwelt somewhat at length on this obvious requirement of the statute because lawyers generally seem to have ignored it. See *Simon* v. *Underwood,* 61 *N. Y. Mis. Rep.* 369, for an exhaustive discussion under a similar statute.